UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

LESLIE MUGAVERO,

                              Plaintiff,

    -against-                                        03 Civ. 5724 (SCR)(GAY)

ARMS ACRES, INC. and FREDERIC
HESSE, M.D.,

                              Defendants.

-------------------------------------------------------------------x

## MEMORANDUM DECISION and ORDER

### I. Background

Defendants Arms Acres, Inc. and Frederick Hesse, M.D. have moved for leave to amend their answer pursuant to Fed. R. Civ. P. 15(a). Defendants seek to add the affirmative defense of "after acquired evidence." Plaintiff opposes the motion contending, among other things, that there has been undue delay by defendants in seeking to amend their answer. Plaintiff asserts that it would be prejudiced by the proposed amendment to the answer.

### II. Discussion

Leave of court to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). As set forth in <u>Zubulake v. UBS Warburg LLC</u>, 231 F.R.D. 159, 161 (S.D.N.Y. 2005) :

> The Second Circuit has stated that consideration of undue delay, bad faith and prejudice to the opposing party [are] touchstones of a district court's discretionary authority to deny leave to amend. Factors relevant to a showing of prejudice include whether the assertion of new claims would (i) require the opponent to expend significant additional resources to

> conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction. In fact, [o]ne of the most important considerations in determining whether amendment would be prejudicial is the degree to which it would delay the final disposition of the action. A proposed amendment is especially prejudicial when discovery has been completed and a summary judgment motion has been filed. (citations and quotations omitted).

Here, the parties advised the Court during a September 29, 2005 telephone conference that a continued deposition of the plaintiff would be held on or about October 7, 2005. Defendants filed and served their motion to amend the answer on or about September 16, 2005. The defendants further advised the Court that they intend to file a motion for summary judgment. By letter dated December 20, 2005, the defendants have requested a briefing schedule for said summary judgment motion from District Judge Stephen C. Robinson. No trial date has been scheduled as of yet.

As noted above, the most important consideration for the Court in determining whether to allow the answer to be amended at this time is the "degree to which it would delay the final disposition of the case." Id. To be sure, it would have been more efficient for said motion to be filed as soon as defendants were aware of facts indicating a possible "after acquired evidence" affirmative defense. However, a summary judgment motion still remains to be filed and no trial date has been scheduled. Moreover, it does not appear that voluminous discovery will be needed if the affirmative defense is included in the answer. Defendants have confirmed that they have already produced to the plaintiff in discovery the subject rules and regulations. Plaintiff, of course, has the subject taped recorded conversations. A further deposition(s) of a representative of Arms Acres, Inc. on this issue can easily be accomplished. Moreover, any further document request or interrogatories could be accomplished in short order.

Simply stated, the ultimate resolution of this case should not be delayed. Plaintiff has not demonstrated that they would be unduly prejudiced by the proposed amendment within the meaning of Rule 15(a). The motion to amend the answer is granted. Plaintiff shall have thirty days from receipt of this Memorandum Decision and Order to conduct any further depositions on the subject affirmative defense and to serve any discovery requests on the issue. Defendants must respond to any discovery requests, i.e. document requests, interrogatories, within 15 days.

This Court emphasizes that the ultimate admissibility at trial of any evidence on said affirmative defense will rest with the sound discretion of the trial judge.

## CONCLUSION

The motion to amend the answer is granted. Defendants shall serve the amended answer within 5 days of receipt of this decision.

SO ORDERED:

Dated: December 22, 2005
White Plains, New York

GEORGE A. YANTHIS, U.S.M.J.