UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIE MCARDLE,

                              Plaintiff,                    **MEMORANDUM OPINION
                                                            AND ORDER**

               -against-

ARMS ACRES, INC., OMAR                                      03 Civ. 05721 (PGG)
GUTIERREZ, M.D., and FREDERICK
HESSE, M.D.,

                              Defendants.

PAUL G. GARDEPHE, U.S.D.J.:

               Marie McArdle, the plaintiff in this action, and Leslie Mugavero, the

plaintiff in Mugavero v. Arms Acres et al. (No. 03-Civ.-05724), which is also pending

before this Court, have moved to consolidate their actions for trial.[1]  Defendants Arms

Acres and Hesse, who are named in both actions, and Defendant Gutierrez, who is named

only in the McArdle action, oppose Plaintiffs' motion.  This Court has recently decided

summary judgment motions in both actions, and these cases are now ready to proceed to

trial.  For the reasons stated below, Plaintiffs' motion (Docket No. 32) is GRANTED.

## DISCUSSION

               Rule 42(a) of the Federal Rules of Civil Procedure provides that "[i]f

actions before the court involve a common question of law or fact, the court may . . . join

for . . . trial any or all matters at issue in the actions . . . [or] . . . consolidate the actions."

The Second Circuit has held that "[t]he trial court has broad discretion to determine

---

[1]  McArdle and Mugavero are represented by the same law firm, and both seek
consolidation.  They filed a single motion for consolidation that was docketed in this
action.  (Docket No. 32)

whether consolidation is appropriate." Johnson v. Celotex Corp., 899 F.2d 1281, 1284

(2d Cir. 1990).

> In deciding whether to consolidate two actions, the Court must consider:
>
> "[w]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives."

Id. at 1285 (quoting Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th

Cir. 1985)).  Further, "[i]n assessing whether consolidation is appropriate in given

circumstances, a district court should consider both equity and judicial economy. . . .

[C]onsolidation should be considered when 'savings of expense and gains of efficiency

can be accomplished without sacrifice of justice.'"  Devlin v. Transp. Commc'ns Int'l

Union, 175 F.3d 121, 130 (2d Cir. 1999) (internal citation omitted) (emphasis in

original)); see also Johnson, 899 F.2d at 1285 (while "considerations of judicial economy

favor consolidation, . . . [c]onsiderations of convenience and economy must yield to a

paramount concern for a fair and impartial trial").

A.       **Common Questions of Law and Fact**

Plaintiffs were employed as nurses at Arms Acres, a substance abuse

rehabilitation facility at which Hesse was the Medical Director and Gutierrez was the

Director of Psychiatry.  Both plaintiffs' claims arise from McArdle's complaint to Arms

Acres that Gutierrez sexually harassed her.  McArdle will proceed to trial on her claims

that she was subjected to a hostile work environment and that Hesse, who was

Gutierrez's supervisor, retaliated against her for complaining about Gutierrez's sexual

harassment.  (McArdle Mem. Op. at 39)  Mugavero likewise claims – and will be

attempting to prove at trial – that Hesse retaliated against her for assisting McArdle in bringing her harassment complaint.  (Mugavero Mem. Op. at 28-46)  Thus, trying Plaintiffs' actions will present numerous common questions of law and fact:

First, as made clear by the parties' summary judgment submissions, a critical factual question in each case is whether Mugavero told Hesse in April 2002 that Gutierrez was sexually harassing McArdle, and if so, what she said and when precisely she said it.  This incident is critical to establishing Arms Acres and Hesse's liability in McArdle's case (see McArdle Mem. Op. at 15-19), and is also critical in establishing the predicate for Mugavero's retaliation claim against the same defendants (see Mugavero Mem. Op. at 16-18).  Moreover, the parties will likely offer evidence not only concerning the April 2002 Mugavero/Hesse conversation, but also with respect to whether Mugavero had repeatedly complained to Hesse about Gutierrez's conduct toward other nurses and, if so, how Hesse (and Arms Acres) responded to those complaints.  (See McArdle Mem. Op. at 17)

Second, McArdle and Mugavero both assert that Hesse retaliated against them for the same reason (i.e., for complaining that Gutierrez sexually harassed McArdle).  Hesse's alleged retaliatory intent will be a critical factual issue in each case, and the evidence in each case will likely include extensive testimony concerning why Hesse might act to protect Gutierrez and whether Hesse took action against plaintiffs and other nurses who assisted McArdle in making her complaint against Gutierrez.

Third, each case will present common questions of law concerning Plaintiffs' federal and state retaliation claims.

Fourth, in both cases, Arms Acres asserts as a defense that it had adequate policies in place prohibiting sexual harassment and retaliation against employees who complained about sexual harassment, and that it made good faith efforts to enforce those policies.  (See McArdle Mem. Op. at 26-27; Mugavero Mem. Op. at 47-48)  Thus, important factual issues in each case include the content of Arms Acres' policies and the steps that Arms Acres took to train employees with respect to those policies and to enforce those policies in good faith.  The same legal issues with respect to this defense and the availability of punitive damages will arise in each case.

Finally, there is a substantial overlap in witnesses between the two cases. The parties took the depositions of the same six individuals in both cases, and presented substantial evidence from at least three witnesses (Mugavero, Hesse and Human Resources Director Beverly Berkowitz) in their summary judgment submissions in both actions.  If these actions are not consolidated, McArdle, Mugavero, Hesse and Berkowitz will be called upon in each case to give the same testimony concerning the common factual issues described above.

Because there are substantial common questions of fact and law between the two actions, and because the key witnesses in both actions will largely be the same, consolidation will minimize the risk of inconsistent findings and will result in significant savings in time and expense.

### B.    Defendants Will Suffer No Unfair Prejudice

The Court has considered Hesse and Arms Acres' arguments against consolidation and finds that they are without merit.  While Defendants are correct that Plaintiffs' claims differ in one significant respect (McArdle has a sexual harassment claim, while Mugavero does not), that difference does not preclude consolidation.

Complete symmetry is not a prerequisite for consolidation.  Instead, consolidation is appropriate where two actions share important questions of fact and law.  See, e.g., Shane v. Tokai Bank, Ltd., No. 96-Civ.-5187(HB)(SEG), 1997 WL 257480, at *2 (S.D.N.Y. May 15, 1997) (consolidating actions where both plaintiffs brought race discrimination claim under similar theories against employer, despite the fact that one plaintiff also had a sex discrimination claim); BD ex rel. Jean Doe v. DeBuono, 193 F.R.D. 117, 141 (S.D.N.Y. 2000) ("It is well settled that even one substantial common question of law or fact is enough for commonality under Rule 42(a).").

There is no basis to find that Defendants will be unfairly prejudiced, or that the jury will be confused, if the actions are consolidated.  As the Second Circuit has noted, "the risks of prejudice and confusion may be reduced by the use of cautionary instructions to the jury and verdict sheets outlining the claims of each plaintiff."  Johnson, 899 F.2d at 1285.  Moreover, there are only two plaintiffs, and "[t]here is no reason to believe that a jury is not capable of taking each of two plaintiffs as a separate individual."  Shane, 1997 WL 257480 at *3.

Defendant Gutierrez – who is not a party to the Mugavero action – argues that he will be prejudiced by consolidation, however, because he was allowed to depose Mugavero only as a fact witness and was not permitted to question her about her claims against Hesse and Arms Acres.[2]  (See Gutierrez Br. at 4 & Ex. 5)  Any prejudice this might otherwise cause can easily be avoided by allowing Gutierrez to take a pre-trial

_____

[2]  The mere fact that Gutierrez is not a defendant in the McArdle action is not a reason to deny Plaintiffs' motion.  Patsy's Italian Restaurant, Inc. v. Banas, Nos. 06-Civ.-00729(DLI)(RER), 06-Civ.-05857(DLI)(RER), 2006 WL 3478988, at *1 (E.D.N.Y. Nov. 30, 2006) ("[T]he fact that there may be additional parties in one action does not mean that the cases should not be consolidated.").

deposition of Mugavero, however. Such a deposition may not be necessary in light of the

fact that Arms Acres and Hesse extensively deposed Mugavero about her claims.

Nonetheless, this Court will provide Gutierrez with an opportunity to demonstrate why he

should be permitted to take a supplemental deposition of Mugavero prior to trial

concerning her claims against Hesse and Arms Acres.

## CONCLUSION

For the reasons stated above, Plaintiffs' motion (Docket No. 32) to

consolidate this action with <u>Mugavero v. Arms Acres et al.</u> (No. 03-Civ.-5724) for trial is

GRANTED.

Dated: New York, New York           SO ORDERED.
       March 31, 2009

Paul G. Gardephe
United States District Judge

6